## UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

| | | |
|---|---|---|
| JUSTIN TAHAI, | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00057-LEW |
| | ) | |
| VALERIE STANFILL et al., | ) | |
| | ) | |
| **Defendants** | ) | |

## RECOMMENDED DECISION AFTER PRELIMINARY REVIEW

Because I granted Justin Tahai's application to proceed *in forma pauperis*, *see* Order (ECF No. 5), his complaint (ECF No. 1) is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, I recommend that the Court dismiss the Plaintiff's complaint.

### I. Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to federal courts for persons unable to pay the costs of bringing an action. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). When a party proceeds *in forma pauperis*, however, a court must "dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals under section 1915 are often made on the court's own initiative "prior to the issuance of process, so as to

1

spare prospective defendants the inconvenience and expense of answering" meritless complaints. *Neitzke*, 490 U.S. at 324.

When considering whether a complaint states a claim for which relief may be granted, the court must accept the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. *See Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An unrepresented plaintiff's complaint must be read liberally in this regard, *see Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002), but must still contain "the crucial detail of who, what, when, where, and how" in order to provide fair notice of what the claims are and the grounds upon which they rest, *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), *aff'd*, 2020 WL 2202441 (D. Me. May 6, 2020).

## II. Allegations

In his complaint, Tahai alleges that he has been denied custody of his child for 417 days during the pendency of a state court case. Complaint (ECF No. 1) ¶¶ 8-10. He alleges that the delay in resolving that case has deprived him of his fundamental parental right to direct the care and upbringing of his child. *Id.* To remedy the delay, Tahai asks this Court to enter a declaratory judgment stating that the delay has violated his due process right guaranteed by the Fourteenth Amendment and to issue preliminary and permanent injunctions forcing the State Court to implement procedural safeguards to ensure the timely resolution of his case and others like it.

*Id.* at 2.  Tahai's complaint and a subsequent emergency motion show that he has not exhausted the state trial and appellate process. *See id.*; Motion (ECF No. 9).

### III.  Discussion

Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts generally abstain from intervening in state court proceedings, including those involving custody of a minor child.   *See Moore v. Sims*, 442 U.S. 415, 423 (1979) ("The *Younger* doctrine, which counsels federal-court abstention when there is a pending state proceeding, reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff."); *Malachowski v. City of Keene*, 787 F.2d 704, 708 (1st Cir. 1986) ("[W]e find that the district court's abstention from asserting jurisdiction over appellants' injunctive claims was fully justified.").  "Abstention is appropriate when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge."  *Rossi v. Gemma,* 489 F.3d 26, 34-35 (1st Cir. 2007).

Each element of the *Younger* abstention analysis is satisfied here.  First, there is an ongoing state proceeding as demonstrated in both the complaint and the subsequent "Emergency MOTION to Prevent Continuing Denial of Meaningful Access to the Courts."  Motion at 1.  Second, Maine has a "compelling state interest" in protecting children, and "[f]amily relations are a traditional area of state concern."  *Moore*, 442 U.S. at 435.  Finally, there is an appellate process—generally following a

final judgment from the trial court—that safeguards the Plaintiff's federal rights relevant to the case currently before the Court. *See, e.g.*, 19-A M.R.S.A. § 1774 (providing for appeals from final orders under the Uniform Child Custody Jurisdiction and Enforcement Act); *id.* § 104 (providing for appeals from final orders involving Title 19-A of the Maine Statutes governing Domestic Relations); *Robb v. Connolly*, 111 U.S. 624, 637 (1884) (recognizing the concurrent jurisdiction of state courts to hear issues "arising under the constitution or laws of the United States, or involving rights dependent upon such constitution or laws").[1]

Applying the principles of comity and federalism, federal courts should not intervene to expedite state court proceedings.[2] *See SKS & Associates, Inc. v. Dart*, 619 F.3d 674, 682 (7th Cir. 2010) (declining to "supervise" state court proceedings). Accordingly, I recommend that the Court abstain from hearing this case and dismiss the complaint, as it seeks only declaratory and injunctive relief. *Cf. Nass v. Maine Bd. of Licensure in Med.*, 1:23-cv-00321-LEW, 2024 WL 3520931, at *9 (D. Me. July 24, 2024) ("A court that abstains from exercising jurisdiction under *Younger*

---

[1] Additionally, "[t]he burden is on the federal plaintiff to show that state procedural law bars presentation of his claims." 17B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4252 (3d ed.). Tahai has not carried that burden here.

[2] Tahai filed the "Emergency Motion" in this Court just over two months after submitting his complaint. Complaint (ECF No. 1); Motion (ECF No. 9). The motion confirms that the State Court proceeding is ongoing and asks this Court to prevent the State Court from rejecting his evidentiary filings and to require prompt judicial review. Motion at 3. This Court, however, cannot direct the State Court in the management of its docket, *see Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (rejecting petition for mandamus and stating the federal court had "no authority to issue such a writ to direct state courts or their judicial officers in the performance of their duties." (cleaned up)), and *Younger* abstention should apply. *See Moore*, 442 U.S. at 435 ("Family relations are a traditional area of state concern . . . [federal courts] are unwilling to conclude that state processes are unequal to the task of accommodating the various interests and deciding the constitutional questions that may arise in child-welfare litigation.").

ordinarily dismisses the federal action. However, to the extent that the federal action includes a damages claim, a court ordinarily may only stay the action, rather than dismiss the action in its entirety." (cleaned up)); *see also* Complaint ¶ 1 ("Plaintiff seeks prospective declaratory and injunctive relief . . . .").

## IV. Conclusion

For the foregoing reasons, I recommend that the Court **DISMISS** the Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and **MOOT** any other pending motions.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: April 15, 2026

/s/ Karen Frink Wolf
United States Magistrate Judge